# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-48-FDW

| | |
|---|---|
| JAMES ANTHONY BARNETT, JR., | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| JEFFREY DEAN PATANE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Amended Complaint, (Doc. No. 12). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 9).

## I. BACKGROUND

*Pro se* Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Mountain View Correctional Institution in September 2018. He names Defendants Physician Assistant Jeffrey Dean Patane, Licensed Practical Nurse Keisha W. O'Keefe, and Registered Nurse Tamara L. Allen in their individual capacities.

Construing the Amended Complaint liberally and accepting it as true, Plaintiff suffers from idiopathic ischemic stuttering priapism, a serious and painful medical condition. Plaintiff alleges that, between September 5 and 7, 2018 Plaintiff had a prolonged erection and urinary retention for about 24 hours which caused him extreme pain and rendered him unable to sleep, eat, exercise, read, or walk.

Defendant Patane knew that Plaintiff was suffering and experiencing severe and extreme pain yet left him in his housing cell for more than 10 hours without any medical treatment or pain medication. Defendant Patane refused to come into Plaintiff's cell or have him brought to the

1

medical exam room to examine and evaluate him for urinary retention and stuttering priapism or provide him with treatment or send him to the local ER. Patane prescribed Amitrypteline – which is not a pain medication – on September 6 but discontinued the order on September 7 and Plaintiff never received or took this medication. Patane also refused to give Plaintiff any medication to lower his blood pressure.

Defendant O'Keefe refused to examine and evaluate Plaintiff for urinary retention and stuttering priapism and refused to refer her to the medical provider who was on-site in the medical department. O'Keefe falsified his medical records which seriously interfered with his medical treatment. Plaintiff's blood pressure was 142/124 but O'Keefe falsely recorded it as 148/106 in Plaintiff's medical chart. She also inaccurately recorded the amount of time since he had urinated. She wrote "other" instead of recording the specific areas where Plaintiff was experiencing pain. She falsely put in the chart that he refused to be assessed and that the swelling went down on its own. O'Keefe also falsely stated that Plaintiff was not in distress. Plaintiff thinks the false statements are O'Keefe's way of carrying out her promise that Plaintiff would not win in the suit that Plaintiff said he was going to file against her. O'Keefe left him in his cell to continue to suffer.

Defendant Allen was present in the cell during Plaintiff's interaction with O'Keefe. Defendant Allen refused verbally and physically to step in and override O'Keefe, whom she outranked, or examine and evaluate Plaintiff herself when O'Keefe's refused to examine and evaluate him. O'Keefe was smiling when she told Plaintiff she would not examine and evaluate him and refused to refer Plaintiff to the medical provider on site. Allen had the authority to step in and examine and evaluate Plaintiff when O'Keefe refused but Allen did not do anything. When Plaintiff asked Allen whether she was going to examine and evaluate him after O'Keefe's refusal, Allen smiled and shook her head and said no. Allen left Plaintiff in his cell untreated to let him

2

suffer. The incidents between Plaintiff and Defendant Patane were witnessed by Nurse Tommy Hughes and the incidents between Plaintiff and Defendants O'Keefe and Allen were witnessed by Correctional Officer Phillips.

Defendants' actions and inactions caused Plaintiff extreme pain and nerve and tissue damage. Plaintiff was finally taken to a local ER where he was given a catheter, bloodwork, and morphine.

Plaintiff seeks $275,000 in punitive damages from each Defendant and any other relief the Court deems just, proper and equitable.

## II.   STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the

pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Parties**

The Federal Rules of Civil Procedure require that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Amended Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718

4

(W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals who are not named as Defendants are therefore dismissed without prejudice.

**(2)     Deliberate Indifference**

"Prisoners alleging that they have been subjected to unconstitutional conditions of confinement must satisfy the Supreme Court's two-pronged test" set forth in Farmer v. Brennan, 511 U.S. 825, 832 (1994). See Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). First, "Farmer's objective prong requires plaintiffs to demonstrate that 'the deprivation alleged [was], objectively, sufficiently serious.'" Scinto, 841 F.3d at 225. In order to be sufficiently serious, the deprivation must pose "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from ... exposure to the challenged conditions." De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citation omitted).

As applied to prisoners, this constitutional guarantee encompasses a right to medical care for serious medical needs, including psychological needs. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a case of deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock

5

the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852.

Plaintiff alleges that he has a serious and painful medical condition that Defendants knew about and refused to treat in any way. Plaintiff has sufficiently alleged claims for deliberate indifference to a serious medical need and this claim will be permitted to proceed.

**(3)** **Retaliation**

Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir.1978). To succeed on such a claim, a plaintiff must first allege that "the retaliatory act was taken in response to the exercise of a constitutionally protected right...." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thereafter, a plaintiff must demonstrate that he suffered some adverse impact or actual injury. See American Civil Libs. Un. of Md., Inc. v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir. 1993) (citing Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990)). In addition, a plaintiff must come forward with specific evidence "establish[ing] that but for the retaliatory motive the complained of incident[s] ... would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); accord Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir.1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal); Collinson v. Gott, 895 F.2d 994, 1002 (4th Cir. 1990) (Phillips, J., concurring); McDonald v. Hall, 610 F.2d 16, 18–19 (1st Cir.1979). In the prison context, such claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Adams, 40 F.3d at 74.

Plaintiff alleges that Defendant O'Keefe refused to provide him with medical treatment

because Plaintiff said that he was going to sue her. This sufficiently states a claim of retaliation and will be permitted to proceed.

## IV. CONCLUSION

For the reasons stated herein, the Amended Complaint is sufficient to pass initial review against Defendants Patane, O'Keefe and Allen for deliberate indifference to a serious medical need, and against Defendant O'Keefe for retaliation.

**IT IS THEREFORE ORDERED** that:

1. The Amended Complaint, (Doc. No. 12), survives initial review pursuant to 28 U.S.C. § 1915 against Defendants Patane, O'Keefe and Allen for deliberate indifference to a serious medical need, and against Defendant O'Keefe for retaliation.

2. **IT IS FURTHER ORDERED THAT** the Clerk of Court is directed to commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants **Jeffrey Dean Patane, Keisha W. O'Keefe,** and **Tamara L. Allen**, who are current or former employees of NCDPS.

Signed: June 12, 2019

_____
Frank D. Whitney
Chief United States District Judge