IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00048-MR

| | |
|---|---|
| JAMES ANTHONY BARNETT, JR., )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>JEFFREY DEAN PATANE, et al., )<br> )<br>Defendants. )<br>_____ ) | <br><br><br><br><br><br>**ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pro se Letters [Doc. 81, 82].

The incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mountain View Correctional Institution. The Plaintiff's claims of deliberate indifference to a serious medical need passed initial review pursuant to 28 U.S.C. §§ 1915 and 1915A against Defendants Jeffrey Patane, Keisha O'Keefe, and Tamara Allen, and a claim of retaliation passed initial review against Defendant O'Keefe. [See Docs. 26, 28]. On January 26, 2022, the Court dismissed the case with prejudice on summary judgment, and denied the Plaintiff's Declaration for Entry of Default as to Defendant Allen. [Doc. 78].

On January 28, 2022,[1] the Plaintiff filed a "Letter Motion" addressed to the Clerk of Court, stating that he "now give[s] notice of Appeal to this Court in reference to the Court['s] January 26, 2022 Decision and Order, including the denial of the 'Entry for Judgment of Default.'" [Doc. 81 at 1]. He also requests copies of 17 of the Court's docket entries so that he can "perfect [his] appeal…." [Id. at 2]. On March 24, 2022, the Plaintiff filed a Letter asking about the status of his "letter motion … appealing the January 26, 2022 Order." [Doc. 82 at 1].

A notice of appeal must be filed with the district clerk within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). A notice of appeal must: specify the party taking the appeal; designate the judgment or appealable order from which the appeal is taken; and name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1)(A)-(C). "An appeal must not be dismissed for informality of form or title of the notice of appeal…." Fed. R. App. P. 3(c)(7).

Although the "Letter Motion" was not titled a Notice of Appeal, it appears that the Plaintiff intended for it to serve as such. It was timely filed

---

[1] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule); see Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

2

Case 1:19-cv-00048-MR   Document 83   Filed 04/25/22   Page 2 of 4

and it complies with the requirements of Rule 3(c)(1)(A)-(C). Accordingly, the Clerk will be instructed to docket the Letter Motion as a Notice of Appeal, and to transmit it to the Fourth Circuit Court of Appeals.

As for the Plaintiff's request for copies of documents from the Court's docket, a litigant is ordinarily required to pay his own litigation expenses, even if he is indigent. See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress…."). Providing the Plaintiff with free copies of 17 docket entries, comprising more than 200 pages, would be burdensome on the Court.[2] He may, however, pay for the copies at the standard rate of $.50 per page. See https://www.ncwd.uscourts.gov/court-fees.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Letter Motion [Doc. 81] is construed as a Notice of Appeal. The Clerk is respectfully instructed to docket the Letter Motion as a Notice of Appeal and to transmit it to the Fourth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that the Plaintiff's request for free photocopies [Doc. 81] is **DENIED**.

---

[2] Additionally, the docket entries that the Plaintiff requests include sealed information. [See, e.g., Doc. 32].

**IT IS SO ORDERED.**

Signed: April 23, 2022

Martin Reidinger
Chief United States District Judge